Gustavo Muñoz Díaz, Plaintiff and Appellant, v. Pedro Solá Colón, Defendant and Appellee.

No. 6598.   Argued April 25, 1935.—Decided June 28, 1935.

R. Atiles Moréu and Angel de Jesús Matos for appellant.   González Fagundo & González, Jr., for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

On August 21, 1931, Gustavo Muñoz Díaz brought, in the District Court of Humacao, an action against Pedro Solá Colón, for nullity and claiming damages.

In the complaint, he alleged in substance that on October 20, 1926, he constituted a mortgage on three rural properties belonging to him, to secure the principal sum of $13,000, with interest thereon at 10 per cent per annum and $500 for costs; and that on November 21, 1928, as the debt had matured and no interest after maturity had been agreed upon, he executed a new mortgage on the same properties for $1,300 to secure a year's interest to be computed from October 20, 1928, the original mortgage being thereby extended until October 20, 1929, and that the said sum of $1,300 was fully paid by him to his creditor, the defendant;

That the latter, on January 4, 1930, by a petition filed in the District Court of Humacao and numbered 14799, instituted a summary proceeding for the foreclosure of the mortgage, alleging the maturity and nonpayment thereof and praying that formal demand be made on the defendant and his wife for the payment of $13,000 as principal, $541.66 as interest, and $500 for costs;

That in compliance with an order of the court, service of the writ demanding payment was made by the marshal, and then the foreclosure proceeding was stayed by virtue of a certiorari proceeding instituted by the plaintiff in this Supreme Court, which proceeding was decided against the plaintiff; and on June 30, 1931, the defendant herein presented, within said foreclosure proceeding, a motion, alleging that, as the term fixed in the formal demand had expired without the indebtedness having been paid, and the interest due up to June 20, 1931, amounted to $443.32, he prayed for the sale of the mortgaged properties, which motion was granted and the auction held on July 28, 1931, the properties being awarded to the creditor, Solá;

That the foreclosure proceeding is void because interest, which the debtor did not owe nor the creditor was entitled to receive as the same was not secured by the mortgage, was claimed in the initial petition, was ordered to be paid in the writ demanding payment, and was covered by the order of sale, and hence the award of the property and the record thereof made in the registry are also void; and

That the plaintiff, as a result of the foreclosure proceeding, has been deprived of his title of ownership to the three properties and has suffered damages that he fixes at $20,000.

He demanded judgment accordingly.

The defendant in his answer admitted some facts and denied others, and set up as a defense that there were other actions pending between the same parties.

The case went to trial, the evidence was heard, and the court finally rendered judgment against the plaintiff, who thereupon took the present appeal.

The judgment appealed from is based on a lengthy statement of the case and opinion, in which a study of the merits of the case is made and the conclusion is reached that such merits are not sufficient for decreeing the nullity sought, nor consequently for granting any damages.

Regarding the question of the pendency of other actions, the statement of the case and opinion says:

"In view of the determination which has been made of the issue as raised by the allegations of the complaint, it is unnecessary to proceed to the consideration of the special defenses set up in the answer."

The appellant in his brief maintains that the defense of other actions pending was not alleged in accordance with the law and the decisions, and that the evidence in support thereof, introduced at the trial over his objection, was improperly admitted.

He invokes the decisions summarized in 49 C. J. 238, as follows:

"A plea in abatement upon the ground of the pendency of another proceeding must set out facts which show that the first action operates to abate the second; it must show in what court such action is pending, that the court has jurisdiction, that the action was pending at the commencement of the second action and at the time of the plea, . . . and that the court obtained jurisdiction of defendant, or of the property, or otherwise took jurisdiction of the cause. It need not, however, allege that the action was not discontinued before the plea was filed. The cause of action must be shown to be the same and the parties the same or in case the parties are not the same, privity must be shown."

There were two suits that the defendant alleged were pending. We shall refer only to the first, as we consider the allegation improper in regard to the second. The allegation as to the first is as follows:

"THE DEFENDANT ALLEGES AS A DEFENSE: That the plaintiff, Gustavo Muñoz Díaz, filed in the District Court of Humacao, under number 16194, a complaint against Pedro Solá Colón, who is the defendant herein, praying that the summary foreclosure proceeding, case No. 14799 prosecuted in this court, be annulled and declared to be without legal force in all its parts; and that the marshal's deed executed by virtue of the auction held on July 28, 1931, be declared void and without any legal form or effect, and that any record made in the registry of property, adjudging the defendant to pay the sum of $20,000, for damages be canceled; which action is still pending in this district court, . . ."

It appears from the above allegation that it is a question of two actions in both of which Muñoz is the plaintiff and Solá the defendant; that in both the nullity of the same mortgage foreclosure proceeding is sought and the same amount of damages is claimed, but it is not alleged that the action said to be pending was instituted prior to the present one where the defense is set up. We think, however, that such allegation arises from a mere comparison of the file numbers assigned to both cases in the court's books. The action that is pending is case No. 16194. The present action bears number 16253. The pending action was first in point of time.

764

Under these circumstances, we do not think that the court committed a prejudicial error in admitting in evidence the record of the action alleged to be pending, which record must have been known to the plaintiff.

The appellant insists that the same causes of action are not involved.

The action in case No. 16194 is entitled "Nullity and Damages." The complaint was filed by Gustavo Muñoz Díaz against Pedro Solá Colón in the District Court of Humacao, on July 29, 1931, and on August 31, 1931, the summons was served by the marshal personally on the defendant, who appeared on September 9, 1931, and filed a motion to strike.

The present action, case No. 16253, is entitled "Nullity and Damages." The complaint was filed by Gustavo Muñoz Díaz against Pedro Solá Colón in the District Court of Humacao on August 31, 1931. The date of the summons is not stated, but that of the defendant's first appearance is, which was for the purpose of filing a demurrer on September 9, 1931, which he withdrew on February 19, 1932. It was on February 6, 1933, that his "amended answer" containing the defense referred to appeared as filed.

In both suits the nullity of the same mortgage foreclosure proceeding is prayed for and the damages are alleged in the following identical words:

"That as a result of the mortgage foreclosure proceeding No. 14799 of this court, the plaintiff herein has been deprived of the title of ownership to the three properties described in this complaint, and has suffered damages that he reasonably estimates at $20,000."

In case No. 16194, nullity is sought on the following grounds:

"(A) On or about July 26, 1930, the plaintiff herein and the defendant, Pedro Solá Colón, entered into a compromise agreement to discontinue the mortgage foreclosure proceeding which said Pedro Solá Colón prosecuted under No. 14799 of this court, by virtue of which agreement the plaintiff herein bound himself to pay to the defendant herein, Pedro Solá Colón, the full amount of interest claimed

in the complaint and in addition the interest accrued on the date of the agreement, thus paying said interest up to date as well as all costs incurred by Pedro Solá Colón in prosecuting said mortgage foreclosure proceeding, said costs being fixed by the aforesaid Pedro Solá Colón at $156.

"(B) Assuming that the above-mentioned agreement did not put an end to the mortgage foreclosure proceeding, the collection and receipt of the interest and costs by the creditor after said proceeding was begun, in fact and in law, terminated it and prevented its continuation.

"(C) The mortgage properties described in this complaint were sold at public auction to satisfy the sum of $13,000 as principal, $433.32 as interest accrued on June 20, 1931, plus $500 for costs and attorney's fees; and the plaintiff herein alleges that in the initial petition filed in case No. 14799, there is claimed as interest a larger sum than that set out in the order of sale at public auction of the properties. The plaintiff alleges that no formal demand was ever served on him to pay the total sum in satisfaction whereof the mortgaged properties were sold at auction, but that a formal demand was made on him to pay the sum of $14,041.66, which represents a larger sum; and he alleges that this violated the procedure prescribed by the Mortgage Law to be followed in summary suits of foreclosure, thus depriving the defendant as well as subsequent creditors whose domiciles appear in the certificate issued by the Registrar of Property of Caguas, of the right belonging to the debtor as well as to subsequent creditors, to pay the sums really owed by the debtor within the peremptory term of thirty days which is granted for that purpose by the Mortgage Law.

"(D) As stated in the preceding paragraph A, and in accordance with the said agreement, the plaintiff herein, prior to the date on which the sale of the properties at public auction had been decreed, and the date on which they were sold at auction, had paid to the defendant herein all the costs arising from civil case No. 14799, which the creditor himself, Pedro Solá Colón, estimated and fixed at $156, an amount which the debtor, Gustavo Muñoz Díaz, paid and the creditor received on November 8, 1930, and by virtue of such payment the defendant was bound not to claim said costs, and was precluded from doing so, and in claiming them anew on June 30, 1931, falsely alleging that they were due him, and presenting to the court a memorandum of costs for the total amount of $500, he claimed a sum which had already been paid by the debtor; and the plaintiff

alleges that on the inadmissible assumption that he owed any amount whatever as costs, and that such costs were recoverable in civil case No. 14799, it does not appear from the record that the defendant herein credited the plaintiff with the sum of $156.00 received as costs."

In case No. 16253, relief is sought on the following grounds:

"(A) Because in his initial petition, the creditor, Pedro Solá Colón, in fixing the specific sums that he is seeking to recover by his suit, claims from the debtor an amount for interest accrued on December 20, 1929, as well as any interest accruing thereafter, until fully paid, at the rate of 10 per cent per annum—an amount which the debtor did not owe to the creditor on account of interest, and which the latter could not claim in the mortgage foreclosure proceeding, as it does not appear from the documents accompanying the initial petition, that said interest was secured by mortgage.

"(B) That the writ demanding payment, issued by this court, and the service thereof made by the marshal, requiring the plaintiff herein to pay to Pedro Solá Colón the sum of $14,041.66, are void for the reason that said writ, which was issued pursuant to the allegations set out in the initial petition, in effect provides that the debtor be required to pay interest which he does not owe and which is not secured by a mortgage, and the marshal, by virtue thereof, made a formal demand on the debtor for the payment of a sum as interest that he did not owe.

"(C) Because the order for the auction or sale of the property, made by this court on June 30, 1931, is void and ineffective, as it is provided therein that the mortgaged property be sold to pay the creditor the sum of $433.32 as accrued interest and interest that might subsequently accrue, at the rate of 10 per cent per annum, which the debtor did not owe to the creditor, nor could the latter recover it from said debtor, as it was not secured by mortgage."

Apart from the fact that what is required so that the exception or defense of another . . . action pending can be pleaded, is that the causes of action—those involved herein are actions for nullity—not the grounds for prosecuting them, be the same . . . (*González* v. *Méndez et al.*, 15 P.R.R. 682; *Iglesia Católica* v. *Municipality of Bayamón*, 27 P.R.R. 789), we find that the grounds alleged in the present suit for the

nullity sought were alleged, together with others, in the first suit. Any deficiency that might be observed is susceptible of correction by amendment.

Such being the result of the allegations and the evidence, the court should have sustained the defense set up, in accordance with the doctrine laid down by this Supreme Court in the case of *United P. R. Bank* v. *Nieves,* 45 P.R.R. 72, thus:

"A further ground of appeal is the failure of the court to sustain the plea of the pendency of another suit between the parties and for the same cause of action which was set up by Vela in his answer to the motion for cancellation.

"Section 105 of the Code of Civil Procedure provides that the defendant may demur to the complaint when there appears on the face thereof any one of certain specified grounds, and the third ground is where there is another action pending between the same parties for the same cause; and section 108 of the same code provides that when any of the matters enumerated in section 105 do not appear upon the face of the complaint, the objection may be taken by answer.

"The general rule is well established in California, where a Code of Civil Procedure similar to ours exists, that the pendency of a prior action based on the same cause, between the same parties, and in the same jurisdiction, is ground for the abatement of the second action; which rule is based in part upon the supposition that the first suit is effective and affords an ample remedy to the party and hence that the second is unnecessary, and in part upon the principle that the law abhors a multiplicity of actions, although the rule has some exceptions, as in the case of a petition for a writ of mandamus or where the complaint in the former action is so defective that judgment thereon would be a nullity. 1 California Jurisprudence, p. 23; *Banco Territorial y Agrícola* v. *Arvelo,* 7 P.R.R. 551.

"The motion which Oriente Corporation filed in the foreclosure proceeding after the properties mortgaged by María Nieves had been sold at public auction and awarded to the purchasers, and which has for its purpose the cancellation of the records made in the registry of property in favor of Jacinto A. Palacios and Francisco Vela, is equivalent to a complaint filed for such purpose, and hence subject to the plea of another action pending.

"Although the foreclosure proceeding was commenced before suit was brought by Oriente Corporation, however, when the latter filed

the motion to which we have referred, its suit for the annulment of the public auctions and for cancellation of the records had already begun and was pending; so that there only remains for us to determine whether the pending suit and the subsequent motion in the foreclosure proceeding are based on the same cause of action, since there is no doubt that Oriente Corporation, Jacinto A. Palacios, and Francisco Vela are parties in both cases.

"We said at the beginning that the suit brought by Oriente Corporation has for its purpose the annulment of the public auctions at which the properties were awarded to Jacinto A. Palacios and Francisco Vela, and the cancellation of the records made in the registry; and the motion filed by the said Oriente Corporation in the foreclosure proceeding has also for its purpose the cancellation of the records made in the registry of property in favor of both said persons; for which reason it must be concluded that both matters involve the same cause of action, and that the former suit affords ample remedy to the parties. Therefore, the plea of another action pending should have been sustained, and the lower court erred as claimed in overruling the same."

Let it not be said that the first suit had been abandoned. It was filed, and the defendant, upon being summoned, presented, as we have already said, a motion to strike which had not been decided at the time the judgment in the present case was rendered. It was, then, alive on the books of the court, and pending, according to section 348 of the Code of Civil Procedure, which prescribes that "An action is deemed to be pending from the time of its commencement until its final determination upon appeal, or until the time for appeal has passed, unless the judgment is sooner satisfied"; and section 38, which provides that an action is commenced when the complaint is filed.

For that reason—that is, as there is another action pending between the same parties and for the same cause of action—the judgment appealed from must be affirmed.